State v. McQueary

*Attorney General Robert Morgan by R. Bruce White, Jr., Deputy Attorney General and Guy A. Hamlin, Assistant Attorney General, for the State.*

*George F. Taylor for defendant appellants.*

STATE OF NORTH CAROLINA v. JOHNNY McQUEARY

No. 7326SC767

(Filed 9 January 1974)

Criminal Law § 84— vial of cocaine in plain view — admissibility
   Evidence as to the contents of a plastic vial dropped by defendant upon his apprehension by officers was admissible in defendant's trial

for possession of cocaine where officers were justified in detaining defendant on the reasonable suspicion that criminal activity was afoot and where defendant placed the vial in the plain view of the officers.

ON *certiorari* to review trial by *Chess, Special Judge,* at the 16 October 1972 Session of Superior Court held in MECKLEN-BURG County.

Defendant was indicted for the possession of a controlled substance, cocaine, in violation of G.S. 90-95.

The State's evidence tends to show the following. On 28 January 1972, Officer Michael Harrell and several other members of the Mecklenburg County Vice Squad went to 700 Block of East 7th Street to apprehend a suspect believed to be selling heroin. A community center and grill are located there. Beside the grill is a fenced-in basketball court. One gate to the court faces a street while the other exits onto an alley. The area was "one of the worst places at that time in Charlotte for drugs to be passed or possessed." Officer Harrell's was the first of several police vehicles to arrive. Harrell parked by the basketball court as did some of the other vehicles. At the time, defendant was standing by the court's street gate. When two vehicles stopped by the gate, defendant ran across the court and out the alley gate. No one else in the vicinity ran. Officer Harrell began to chase defendant, and shortly thereafter defendant slipped and fell. When defendant stood up, Harrell, who had his gun drawn, was standing two or three feet away in front of him and saw a small, clear plastic vial in defendant's hand. Defendant dropped the vial. Harrell picked it up and found that the vial contained 8 tinfoil packets of white powder. Harrell testified that after examining the packets, he placed defendant under arrest. A chemist testified that the packets contained cocaine.

Defendant, testifying in his own behalf, stated that a fight occurred while he was in the vicinity of the basketball court, several police officers arrived and that "everybody" scattered. He testified that as he ran across the basketball court towards his automobile, Officer Harrell "pulled his gun and shot," and told him to "hold it." He testified that another officer struck him and he fell to the ground. Defendant denied ever having the vial in question, or any vial similar to it in his possession.

Upon a verdict of guilty, the court imposed an active prison sentence of three years. Defendant appealed.

State v. McQueary

*Attorney General Robert Morgan by Norman L. Sloan, Associate Attorney, for the State.*

*Chambers, Stein, Ferguson & Lanning by Karl Adkins for defendant appellant.*

VAUGHN, Judge.

At trial defendant did not raise the question of the validity of his arrest and did not object to the testimony of the arresting officer when the officer testified about the discovery of the vial and its contents. Defendant did lodge a general objection when the chemist was asked to identify the white powdery substance found in the foil packet and when the State offered the vial and its contents into evidence. On appeal defendant's court appointed counsel skillfully contends that probable cause for defendant's arrest did not exist and that, therefore, the seizure of the plastic vial and its contents violated defendant's constitutional rights, thus rendering the evidence as to the contents of the vial inadmissible.

We do not deem it necessary to resolve the question raised as to whether the arrest of defendant was effectuated when defendant fell to the ground or later after defendant displayed and attempted to dispose of the drugs. "There is no absolute test to ascertain exactly when an arrest occurs. The time and place of an arrest is determined in the context of the circumstances surrounding it." *State v. Allen,* 282 N.C. 503, 194 S.E. 2d 9. Even before the vial was seen in defendant's hand, the circumstances were such as to justify the officer in briefly detaining defendant on the reasonable suspicion that criminal activity was afoot. Defendant then, in an attempt to rid himself of the contraband, placed it in the plain view of the officer. There was no search, and it was not error to admit the drugs as evidence.

We have considered defendant's other assignments of error, and they are overruled.

No error.

Chief Judge BROCK and Judge PARKER concur.